STATE ex rel. Larry Don SISCO,
Relator,

v.

Honorable Winston V. BUFORD, Judge,
Circuit Court of Howell County,
Respondent.

No. 60253.

Supreme Court of Missouri,
En Banc.

Jan. 9, 1978.

R. Jack Garrett, West Plains, for relator.

Alex Bartlett, Jefferson City, for respondent.

FINCH, Judge.

This is an original proceeding in prohibition, the objective of which is to prevent respondent from trying relator on a charge of murder in the second degree. We make permanent the preliminary rule in prohibition heretofore entered.

Relator is charged with the murder of his girl friend, Janice Louise Dick. Summoned by neighbors to the Dick house on August 29, 1974, officers found Miss Dick dead as a result of a shotgun wound. They also found relator, at first thought dead, with much of the left side of his face and head blown away by a shotgun blast.

Relator was bound over to the Circuit Court of Howell County for trial. In that court relator's attorney filed a motion alleging, inter alia, that relator's physical and mental condition is such that he is unable to make rational decisions or to aid and assist in his defense and that he is incompetent to stand trial. The motion requested that an evidentiary hearing be held and that the court make a determination as to the issues presented by the motion.

Relator was examined by various doctors, psychiatrists and psychologists. Thereafter, an evidentiary hearing on relator's motion to stay proceedings was held at which Dr. Gupta, a psychiatrist from the Farmington State Hospital, and Prof. Whipple, a clinical psychologist from Southwest Missouri State University at Springfield, Missouri, testified. At the conclusion of the hearing, respondent made a finding that "defendant has no memory of the events of the date of the alleged crime and cannot aid in his defense and that said loss of memory is permanent and that defendant can never aid in his defense * * *." Subsequently,

respondent added the additional finding "that defendant fully understands the nature of the charges against him." He then set the case for trial. Relator's attorney objected to the case being set for trial and when relief was not granted by respondent, applied unsuccessfully to the Missouri Court of Appeals, Springfield District, for a writ of prohibition. This proceeding followed.

The evidence clearly supports the finding of the trial court that relator cannot aid counsel in the defense of his case. The witnesses testified that relator does not now nor will in the future have any memory of the events at the time of the shooting incident. The left frontal lobe of relator's brain is gone. That portion of the brain controls the emotional and memory functions of the brain or at least a part of them and, of course, will not be restored. The testimony of the witnesses was that this amnesia is permanent. However, the evidence indicates that this is not merely a case of amnesia as to the period in question. The witnesses testified that as a consequence of the gunshot wound and the resulting loss of a portion of the brain, what has happened to relator is equivalent to a prefrontal lobotomy, an operation utilized to attempt to decriminalize a person with a violent personality. If successful, such an operation creates a neuter personality. Such person can dress and feed himself and do some handiwork. He could know, as relator did, that he was charged with killing his girl friend. However, Prof. Whipple also testified that a prefrontal lobotomy type condition disturbs initiative and in almost all instances causes a marked loss of a person's "critical faculty," or, in other words, disturbs their ability to correctly evaluate their behavior or the adequacy of their action. As a result, said Prof. Whipple, relator cannot in an orderly fashion help counsel in the preparation of his defense. At another point in his testimony, Prof. Whipple told of various tests made and stated that he would conclude that there are definite deficits in his ability to plan ahead, to look at the information he has and to deal with that information in a coherent manner. Dr. Gupta testified that he could not say that relator could make

decisions, place events in proper sequence or make analyses and deductions. He, too, testified that relator cannot aid counsel in the defense of his case.

As a result of his present condition, relator has amnesia and cannot remember any of the events in connection with what occurred relating to the death of Miss Dick. Hence, he cannot testify effectively as to what occurred. In addition, he cannot analyze and evaluate or make decisions. This condition would prevent his assistance to counsel in deciding upon pleas or strategy as well as causing him to be of no assistance in investigation or locating other witnesses. This inability is not feigned. It is the result of the loss of a portion of his brain which is essential to such functioning on his part. All of this evidence supports the finding of respondent that relator cannot aid counsel in his defense. The theory of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), applicable to court tried cases, would call for us to accept that finding by the trial court. However, we are not bound by and need not defer to his conclusion as to the legal effect of his finding of fact.

Relator asserts that having determined that relator cannot assist in his defense, respondent is without jurisdiction to proceed to try him. This is so, says relator, because to do so (1) will violate the due process provisions of the fourteenth amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, (2) is contrary to the common law applicable in such a situation, and (3) is prohibited by specific provisions of § 552.-020, RSMo 1969, as amended, Laws 1971, p. 96, § 1. We conclude that the latter statute is dispositive and that we need not consider grounds (1) and (2).

Section 552.020.1 provides:

"No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures."

The foregoing statute is very explicit. A defendant may not be tried on a criminal

charge so long as that defendant as a result of mental disease or defect either lacks capacity to understand the proceedings against him or lacks capacity to assist in his own defense. The trial court has found that relator lacks capacity to assist in his own defense. If that is the result of mental disease *or* defect, § 552.020.1 prohibits the court from trying him on the charge even though the court also finds that relator does have the capacity to understand the proceedings against him.

The relator does not have a mental disease. The psychiatrist so testified. However, he does have a mental defect produced by trauma. That such a condition is covered by § 552.020.1 is established by § 552.010, RSMo 1969, which provides that "[t]he terms 'mental disease or defect' include congenital and traumatic conditions as well as disease."

Accordingly, we hold that so long as relator continues to lack capacity to assist in his own defense of the charge that he murdered Janice Louise Dick, respondent is prohibited from trying him on that charge. Our provisional rule in prohibition is made permanent.

MORGAN, C. J., and HENLEY, RENDLEN and SEILER, JJ., concur.

BARDGETT and DONNELLY, JJ., concur in result.